UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| GOOGLE LLC,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>RIVKA ("REBECCA") SPIVAK<br><br>　　　　　Respondent. | Case No.: _____<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT** |

　　　　Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Petitioner Google LLC ("Google"), by and through its undersigned counsel of record, hereby petitions the Court for an order confirming the arbitration award issued by Hon. Richard McDermott (Ret.) on December 12, 2023 ("Award") against Respondent Rivka ("Rebecca") Spivak.  Google further requests that the Court direct the Clerk to enter judgment against Spivak consistent with the Award, pursuant to 9 U.S.C. § 13.  A copy of the Award is attached as Exhibit A to the concurrently filed Declaration of Allison Lane ("Lane Decl.").

　　　　In support of this petition, Google states as follows:

PETITION TO CONFIRM
ARBITRATION AWARD AND
ENTRY OF JUDGMENT

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104


## I.  THE PARTIES

1. Petitioner Google LLC is a Delaware company with its principal place of business in Mountain View, California.

2. Ms. Spivak is domiciled in the State of Washington, and is a resident of this District.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction and personal jurisdiction over Ms. Spivak pursuant to 9 U.S.C. § 9, because the Award giving rise to this Petition was issued in Seattle, Washington less than one year before this Petition is being filed, and notice of this Petition is being served upon Ms. Spivak.

4. Additionally, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state (Google) and a citizen of Washington (Ms. Spivak).  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Google LLC is a citizen of Delaware and California. (XXVI Holdings, Inc. is the sole member of Google LLC.  XXVI Holdings, Inc. is organized under the laws of the state of Delaware, and its principal place of business is in California.)  Further, the amount in controversy exceeds $75,000, exclusive of interest and costs.  (*See* Lane Decl., Ex. C, p. 2 of 3 (stating amount in controversy is $500 million].)

5. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington.

## III.  FACTUAL BACKGROUND

6. Ms. Spivak worked at Google between 2010 and 2015, when she separated from the company.  In June 2015, Ms. Spivak filed a charge of discrimination against Google with the Equal Opportunity Employment Commission ("EEOC").  In general terms, she alleged gender discrimination, Family and Medical Leave Act discrimination, and unlawful

PETITION TO CONFIRM
ARBITRATION AWARD AND
ENTRY OF JUDGMENT

Page No. 2

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

retaliation.  At Ms. Spivak's request, the EEOC issued a right to sue letter on January 27, 2017.

7.   Ms. Spivak's employment agreement with Google contained a binding arbitration provision.  (Lane Decl., Ex. B, pp. 6-7.)  Accordingly, Ms. Spivak initiated binding arbitration claims against Google with JAMS, Hon. Robert Baines (Ret.) presiding (JAMS Arbitration Case No. 11100118238).  Judge Baines dismissed Ms. Spivak's claims against Google <u>with prejudice</u> on July 22, 2019.

8.   More than a year after losing the arbitration and five years after her separation, on October 7, 2020, Ms. Spivak filed a federal lawsuit against Google (erroneously naming Google's parent company, Alphabet, Inc.), its outside counsel from the arbitration, and others, in an action styled *Spivak v. Alphabet Inc., et al.,* United States District Court, Western District of Washington at Seattle, Case No. 2:20-cv-01480-MJP, alleging causes of action for conspiracy to interfere with civil rights, racketeering, and invasion of privacy.

9.   On February 21, 2021, following a motion to dismiss by Google under Federal Rule of Civil Procedure 12(b)(6), Judge Pechman dismissed Ms. Spivak's claims with prejudice, ruling, in part, that all of her claims were barred by the doctrines of res judicata and collateral estoppel as they arose from her employment at Google and the first arbitration. *Spivak v. Alphabet Inc.*, No. C20-1480 MJP, 2021 WL 535211, at *5-7 (W.D. Wash. Feb. 12, 2021), *appeal dismissed sub nom., Spivak v. Google LLC*, No. 21-35165, 2021 WL 7285816 (9th Cir. Sept. 15, 2021).

10.   Ms. Spivak appealed the federal court's dismissal to the United States Ninth Circuit Court of Appeals, which dismissed her appeal for failure to prosecute.  *Spivak v. Google LLC*, No. 21-35165, 2021 WL 7285816, at *1 (9th Cir. Sept. 15, 2021).

11.   Finally, on March 31, 2023, Ms. Spivak initiated yet another arbitration with JAMS for matters arising out of her employment with Google, which had ended almost seven years earlier ("Second Arbitration").  (JAMS Arbitration Case No. 5160000362, Hon. Richard

PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT

Page No. 3

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

1  McDermott (Ret.), presiding.)  (Lane Decl. Ex. D.)

2        12.      This petition arises out of the Second Arbitration.

      13.      Google moved for summary judgment in the Second Arbitration on the grounds of res judicata, collateral estoppel, and the statute of limitations.  Judge McDermott granted the motion, and dismissed the case with prejudice, on October 24, 2023.  Following Judge McDermott's summary judgment order, Google pursued a Motion for Costs and Fees, and Ms. Spivak pursued a number of motions, including but not limited to a Motion for Sanctions and a Motion to Disqualify.

      14.      On December 8, 2023, Judge McDermott issued an award in Google's favor, but it contained several typographical errors, including referring to Claimant as Respondent in several places.

      15.      On December 12, 2023, Judge McDermott issued the corrected, final Award. (Lane Decl., Ex. A, p. 1.)

      16.      The Award denied Ms. Spivak's Motion for Disqualification and Motion for Sanctions.  (*Id.*, Ex. A., pp. 1-2.)

      17.      Judge McDermott awarded the following relief with respect to Google's Motion for Costs and Fees:

> The Undersigned AWARDS Google a judgment of $10,000 against Spivak. HOWEVER, Google may not enforce this award against Spivak unless she files future actions against Google BASED ON THE SAME FACTS AND ALLEGATIONS. This repetitive litigation must stop and hopefully this judgment of $10,000 hanging over her head is motivation for that.

(*Id.*, Ex. A, p. 2.)

      18.      Judge McDermott further stated, "Lastly, this is a FINAL AWARD. It is intended to resolve all issues. Please send no more emails or make no more motions or requests. By the issuance of this Order, this matter is Closed."  (*Id.*, Ex. A, p. 3.)

      19.      The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected

under 9 U.S.C. § 11.

20. Pursuant to 9 U.S.C. § 9, Google brings this action within one year of the Award made on December 12, 2023.

21. As additional relevant background to the above-described proceedings, on November 29, 2023, Google filed a Complaint for Declaration of Vexatious Litigant Status and for Preliminary and Permanent Injuctive Relief, *Google LLC v. Rivka ("Rebecca") Spivak*, in Washington State Superior Court (King County Superior Court Case. No. 23-2-23572-0). On January 26, 2024, the Hon. James E. Rodgers entered an Order in that case granting Google's Motion for Vexatious Litigant Designation and Preliminary Injunction. (Lane Decl., Exhibit E.)

### IV.  COUNT ONE
### (Confirmation of Arbitration Award)

22. The FAA authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court **must** grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

23. Ms. Spivak has not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under 9 U.S.C. §§ 10 and 11 are not present here.

24. The Court should confirm the Award without further inquiry because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law'… [and even if] the Panel may have failed to understand or apply the law." *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

25. Google is entitled to confirmation of the Award, along with entry of judgment in conformity with the Award.

PETITION TO CONFIRM
ARBITRATION AWARD AND
ENTRY OF JUDGMENT

Page No. 5

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

## V. PRAYER FOR RELIEF

For the reasons set forth above, Google respectfully requests that this Court:

    A.    Enter an order and judgment confirming the Award pursuant to 9 U.S.C. § 9 *et seq.*;

    B.    Grant Google such other and further relief as the Court deems just and proper.

DATED: March 12, 2024    **DUANE MORRIS LLP**

By: */s/ Daniel B. Heidtke*
Daniel B. Heidtke, WSB No. 51034
DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:    DBHeidtke@duanemorris.com

Attorneys for Petitioner
GOOGLE LLC

PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT

Page No. 6

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104