UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOOGLE LLC,<br><br>                 Petitioner,<br><br>v.<br><br>RIVKA ("REBECCA") SPIVAK<br><br>                 Respondent. | Case No.: 2:24-cv-00333-RSL<br><br>**ORDER CONFIRMING ARBITRATION AWARD AND ENTRY OF JUDGMENT** |

      This matter comes before the Court on Google LLC's "Petition to Confirm Arbitration Award and Entry of Judgment." Dkt. # 1. Pursuant to the Federal Arbitration Act ("FAA"), "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and ... the court must grant such an order unless the award is vacated, modified, or corrected ..." 9 U.S.C. § 9. If, as here, the parties' agreement does not specify a particular court, the petition "may be made to the United States court in and for the district within which such award was made." *Id*. Consistent with this language, the Court must ensure that the parties contemplated judicial enforcement of an arbitration award in their agreement and that a petition to confirm is timely sought.

      To obtain a court order confirming an arbitration award, the petitioner must also satisfy

ORDER CONFIRMING
ARBITRATION AWARD

Page No. 1

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

certain filing requirements. Section 13 of the FAA requires that the party moving to confirm an arbitration award file: (1) the arbitration agreement and the selection or appointment of an arbitrator, (2) the award, and (3) "[e]ach notice, affidavit, or other papers used upon an application to confirm, modify, or correct the award ..." 9 U.S.C. §§ 13(a)–(c). Upon receiving evidence that the petition meets the jurisdictional and procedural requirements of the FAA, the Court's ultimate review of the petition is "both limited and highly deferential." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996) ). Confirmation of an arbitration award typically "is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp.2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175–76 (2d Cir. 1984)). This limited and summary review aims to honor the parties' contractual choices and further the FAA's "national policy favoring arbitration and plac[ing] arbitration agreements on equal footing with all other contracts...." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *see also Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984) ("[w]here the parties have agreed to arbitration, the court will not review the merits of the dispute.").

Section 9 of the FAA mandates that the Court must confirm an arbitration award unless it is "vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9. The grounds for not granting a confirmation are "extremely limited" and only implicated when a party to the arbitration moves to vacate the award based on certain circumstances that undermine the award's validity or its accuracy on material issues. 9 U.S.C. § 10(a) (enumerating grounds for vacating an award, including that the award was procured by fraud, corruption or undue means or the arbitrator was biased, engaged in misconduct, or exceeded his powers); 9 U.S.C. § 11 (court may modify or correct award for material miscalculations or material mistakes, when the award addresses matters not submitted to the arbitrator, or the

ORDER CONFIRMING
ARBITRATION AWARD

Page No. 2

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

award is "imperfect in form"); *see also Kyocera Corp. v. Prudential Bache Trade Servs.*, 341 F.3d 987, 998 (9th Cir. 2003) ("These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration matters").

Having reviewed the petition, the supporting documents, and the remainder of the record, the Court finds as follows:

1. Google properly served on respondent Rivka ("Rebecca") Spivak its "Petition To Confirm Arbitration Award and Entry of Judgment," the Declaration of Allison Lane in Support and accompanying exhibits, a proposed order granting the petition, and a Civil Cover Sheet. Google filed a Proof of Service of such documents. Dkt. # 6.

2. This Court has personal jurisdiction over Ms. Spivak, a resident of Seattle, Washington, and this Court also has subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 9 because the Award giving rise to the petition was issued in Seattle, Washington, less than one year before the petition was filed.

3. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state (Google) and a citizen of Washington (Ms. Spivak).

4. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to the petition was issued in Seattle, Washington.

5. Google, in accordance with 9 U.S.C. § 13(a), properly submitted the employment agreement with Ms. Spivak containing a binding arbitration provision; the appointment of Hon. Richard McDermott (Ret.); and the December 12, 2023 ("Award") issued by Judge McDermott against Ms. Spivak and in favor of Petitioner Google. Dkt. # 2 and attached exhibits.

ORDER CONFIRMING
ARBITRATION AWARD

Page No. 3

DUANE MORRIS LLP
701 Fifth Avenue
Columbia Tower, 42nd Floor
Seattle, WA 98104

6. Ms. Spivak has not appeared in response to the petition, nor has the award been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. In the absence of a cognizable challenge to the award, the Court will hew to the FAA's mandate to confirm it.

7. Based on the foregoing and the papers and pleadings on file herein, the Court hereby confirms the Award without further inquiry, as required by 9 U.S.C. § 9 *et seq*.

8. The Clerk of the Court is directed to ENTER JUDGMENT, consistent with the award, as follows:

> Judgment in favor of Petitioner Google and against Ms. Spivak in the amount of $10,000; however, such monetary amount may not be enforced by Petitioner Google against Ms. Spivak unless she files future actions against Petitioner Google BASED ON THE SAME FACTS AND ALLEGATIONS that were presented in the arbitration resulting in the Award.

IT IS SO ORDERED.

Dated this 18th day of April, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge